**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br>**v.**<br><br>**JOSEPH A. CAMMARATA, ERIK COHEN, DAVID H. PUNTURIERI, ALPHAPLUS PORTFOLIO RECOVERY CORP., AND ALPHA PLUS RECOVERY LLC,**<br><br>**Defendants.** | **Civil Action No. 21-cv-04845 (CFK)** |

**ORDER**

The Court held a hearing on Tuesday, November 9, 2021 (the "Hearing") concerning the Temporary Restraining Order Freezing Assets and Prohibiting of Destruction of Records and Data and Rule to Show Cause entered on November 4, 2021, Dkt. No. 4 ("TRO Order"). The Hearing was attended by counsel for Plaintiff Securities and Exchange Commission, counsel for Defendant Erik Cohen, counsel for Defendant David H. Punturieri, and counsel for Nina Cammarata, who has filed a motion to intervene in this matter. No one appeared on behalf of Defendants Joseph A. Cammarata, AlphaPlus Portfolio Recovery Corp., or Alpha Plus Recovery LLC, though they were served with a copy of the TRO Order directing them to appear on this date.

Having reviewed the Complaint and SEC's Motion for a Temporary Restraining Order and supporting documents (Dkt. Nos. 1-3), and having heard from those parties who appeared at

the Hearing, the Court finds that good cause exists, and that those parties who appeared for the Hearing consented, to extend the relief provided in the TRO Order.

**IT IS HEREBY FURTHER ORDERED** that:

1. The relief provided in the TRO Order is extended through December 14, 2021 at 11:59 p.m. ("TRO Order"), or as otherwise ordered by the Court.

2. The parties are directed to continue conferring regarding a potential stipulated preliminary injunction and potential carve outs to the asset freeze, for reasonable, necessary and appropriate expenses related to the retention of counsel in the parallel criminal case, *United States v. Cammarata, et al.*, No. 21-cr-00427 (CFK) (the "Criminal Case"), living expenses, and preservation of assets subject to the TRO Order.

3. To the extent Defendants or Nina Cammarata seek a carve out to the asset freeze for living expenses and/or preservation of assets subject to the TRO Order, they shall provide counsel for the SEC with an itemized schedule of expenses for which they are requesting a carve out, supporting documentation as necessary, and a schedule of income or assets independent of the frozen assets that are available to the individual requesting the carve out. Any person requesting a carve out should provide this information to counsel for the SEC as soon as possible. The SEC shall diligently respond to these requests.

4. On or before December 2, 2021, the parties shall file stipulated agreements regarding any carve outs for attorneys' fees, living expenses, or preservation of assets for the Court's consideration, and shall notify the Court of any issues on which they have not agreed. Such stipulations shall be without prejudice to any party to such a stipulation seeking a modification in the future in the event of changed circumstances.

5. Within seven (7) days after this Order is entered, Defendants Joseph Cammarata, Cohen, and Punturieri shall provide to the SEC any asset identification or verification prepared in the last 180 days, including, but not limited to, any asset verification provided to pre-trial services.

6. Pursuant to the TRO Order, any bank, financial or brokerage institution, or other person or entity holding funds or anything else of value in the name of, for the benefit of, or under the control of any Defendant that received actual notice of the TRO Order or of the terms of the asset freeze provision contained therein was ordered, among other things, to "freeze such accounts and prepare a spreadsheet of such frozen accounts and make them available for inspection upon further order and notice of this Court." Accordingly, the Court hereby Orders that those spreadsheets, or a similar form reflecting all accounts, the names of those accounts and authorized signatories, and their current values, shall be produced to the SEC by email to counsel for the SEC at DonnellyJ@sec.gov and GreenJ@sec.gov. In the event the files are too large to transmit via email, the institution or individual subject to this provision shall contact counsel to arrange a means to transfer the files electronically or through other mutually agreed means. The SEC may serve this Order on any bank, financial or brokerage institution, or other person or entity subject to this provision by any means reasonably calculated to provide actual notice, including, but not limited to email, facsimile, personal delivery, overnight delivery (no signature required), or first-class mail. The spreadsheets, or similar form of information, shall be produced within two business days of service of this Order.

7. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the parties may take expedited asset discovery of banks, financial or brokerage institutions, or any other custodian or other holder of assets covered by or potentially covered by the TRO Order, or of any third-

parties concerning any assets that Defendants possess or may have possessed, including but not limited to real property, boats, airplanes, and cars.

Service of the aforementioned discovery requests, including on nonparties, may be accomplished by any means reasonably calculated to provide notice, including but not limited to personal delivery, facsimile, overnight or express delivery (no signature required), email, or first-class mail.

Non-parties receiving such subpoenas shall produce the requested documents within seven (7) days via email and overnight delivery to counsel for the party issuing the request, or through such other means as counsel for the party issuing the subpoena may direct in writing.

8. The SEC may subpoena Nina Cammarata, who has moved to intervene in this action, for any documents in the divorce proceedings involving her and Defendant Cammarata relating to finances, assets, or discovery exchanged in the divorce proceedings, and she shall respond to any such subpoena within seven (7) days.

9. The parties are also authorized to take depositions in preparation for a future preliminary injunction hearing. The parties shall meet and confer regarding scheduling any such depositions.

10. This Order does not constitute a waiver of any right or defense of any party.

Dated: **November 10, 2021**

**/s/ Chad F. Kenney**

**Chad F. Kenney**
**United States District Judge**