IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | CIVIL ACTION |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH A. CAMMARATA, et al., | : | |
| *Defendants.* | : | NO. 21-cv-04845 |

## MEMORANDUM

**KENNEY, J.**                                                                                          **APRIL 1, 2024**

### I.   INTRODUCTION

The Securities and Exchange Commission ("SEC") brought suit against Defendant Joseph

A. Cammarata on November 3, 2021, for violations of the Securities Exchange Act of 1934,

following a criminal action against Cammarata brought by the United States for the same

underlying conduct. On June 7, 2023, the SEC moved for summary judgment against Cammarata

on two counts, and the Court granted that motion as to liability on August 31, 2023 (ECF Nos.

319, 320). Following briefing on remedies (ECF Nos. 336, 337, 341), the Court issued a Final

Judgment holding Cammarata liable to the SEC for $2,701,793.98 on January 23, 2024 (ECF No.

352).

On February 5, 2024, Cammarata filed a "Motion to Dismiss the SEC's Complaint for Lack

of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(h)(3) and in the Alternative a Motion

for Relief from (ECF #320) Pursuant to Fed. R. Civ. P. 60(b)."  ECF No. 353. The Motion is fully

briefed and ripe for review. *See* ECF Nos. 358, 362. For the reasons discussed below, Cammarata's

Motion is denied.

### II.   STANDARD OF REVIEW

A federal district court has jurisdiction of "all civil actions arising under…laws…of the United States." 28 U.S.C. § 1331. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party of its legal representative from a final judgment, order, or proceeding for '[m]istake, inadvertence, surprise, or excusable neglect; . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; the judgment is void; . . . or any other reason that justifies relief.'"

## III.   DISCUSSION

### a.   Subject Matter Jurisdiction

Cammarata first argues that the SEC lacked subject-matter jurisdiction to bring a securities fraud claim, since his conduct did not bear on securities fraud. ECF No. 353 at 5-8. Cammarata made the same arguments in his Motion to Dismiss (ECF No. 142), Motion for Relief from Stay for the Limited Purpose of Hearing a Motion for Summary Judgment (ECF No. 183), and his Cross Motion for Partial Summary Judgment (ECF No. 285). As the Court explained in prior opinions, Cammarata's schemes were committed in connection with securities transactions, which provides an appropriate basis for the SEC to charge him with violating the Securities and Exchange Act of 1934. *See* ECF No. 162 at 1 n.1 (holding, on the motion to dismiss, that the SEC satisfied its burden when it alleged that "the targets of Defendants' alleged fraud divested themselves of their ownership interest in securities due to Defendants' misrepresentations."); *see also* ECF No. 319 at 24 (holding, on a motion for summary judgment, that "securities transactions were at the very heart of Cammarata's fraudulent activity. Accordingly, there can be no question that Cammarata's material representations were made in connection with the purchase or sale of securities and no

2

reasonable jury could find otherwise."). In sum, the Court finds no merit to Cammarata's claim that the SEC lacked subject-matter jurisdiction to bring a securities fraud claim.

### b. Collateral Estoppel

Cammarata next contends that the Court's ruling on collateral estoppel in its August 31, 2023, opinion granting summary judgment constituted a "mistake" that warrants relief from judgment. ECF No. 353 at 11-14. Specifically, the Court found that Cammarata's criminal conviction for wire fraud estopped him from arguing that he had not committed securities fraud. ECF No. 319 at 21-26. Cammarata argues here that his criminal conviction did not contain an element bearing on securities law, and therefore collateral estoppel should not have applied. ECF No. 353 at 12-15.

Collateral estoppel applies when: "(1) the issue sought to be precluded [is] the same as that involved in the prior action; (2) that issue [was] actually litigated; (3) it [was] determined by a final and valid judgment; and (4) the determination [was] essential to the prior judgment." *Anderson v. C.I.R.*, 698 F.3d 160, 164 (3d Cir. 2012). As the Court explained in its prior opinion, collateral estoppel applies to both factual and legal issues established in prior proceedings. *See id*. This is true regardless of whether the exact same elements are charged in both the criminal and civil proceedings. *See S.E.C. v. Lazare Industries, Inc.*, 294 F. App'x 711, 714 (3d Cir. 2008).

Cammarata's wire fraud conviction established that he "knowingly devised a scheme to defraud and to obtain money or property by materially false or fraudulent pretenses…acted with the intent to defraud[,] and. . . used interstate wire communications in furtherance of the scheme." ECF No. 319 at 20. Those legal elements established, the Court went on to detail the precise ways that Cammarata's scheme "touch[ed] upon" securities transactions, going so far as to say the

3

scheme "hinged upon" securities transactions. *Id.* at 23.[1]  The facts and legal elements established upon Cammarata's criminal conviction were sufficient to grant summary judgment on the securities violation claim. The Court did not err in so ruling.

### c.  Service of Summary Judgment Motion

Cammarata further alleges that the Summary Judgment Order is "void" under Federal Rule of Civil Procedure 60(b)(4) because he never received noticed of the motion. ECF No. 353 at 11. To reiterate the procedural history, the SEC filed a motion for summary judgment on June 7, 2023. ECF No. 260. On July 3, 2023, Cammarata filed a motion which contended, *inter alia*, that he had not received a copy of the summary judgment motion. ECF No. 269 at 14. On July 7, 2023, the Court ordered the Clerk of Court to personally mail a copy of the motion to Cammarata. ECF No. 274. Cammarata filed a response in opposition to the motion for summary judgment on July 20, 2023. ECF No. 285. In its opinion, the Court stated that it had "confirmed that the mailing address used and the location which the Commission served Cammarata were both correct. Additionally, the Court has not heard Cammarata complain that he has not received the Motion in nearly six weeks, despite his other filings on the docket." ECF No. 319 at 15 n.19. Cammarata was properly served with the SEC's summary judgment motion.[2]

---

[1] In sum, "(i) the settlement distribution funds existed because of securities class actions or enforcement actions by the Securities and Exchange Commission; (ii) the settlement distribution funds were often held in securities until they were liquidated and distributed to claimants; (iii) Cammarata obtained and misused trade data about securities transactions; (iv) Cammarata only had access to such trade data because of his role as an executive of a broker-dealer; (v) Defendants lied about who purchased securities; (vi) Defendants lied about who sold securities; (vii) Defendants lied about the price of securities purchased or sold; (viii) Defendants lied about the quantity of securities purchased or sold; (ix) Defendants lied about which entities cleared trades; (x) Cammarata used his expertise of the securities industry to guide AlphaPlus, by way of Cohen and Punturieri; (xi) Defendants submitted phony records of securities trades, including falsified brokerage records that used broker-dealers' logos to bolster their believability; (xii) Cammarata exploited his position as an executive of a broker-dealer to vouch for the fraudulent claims; (xiii) Sham Clients collected over $40 million because of the fraudulent claims; and (xiv) the scheme had the effect of diminishing the funds available for the actual victims of the underlying securities fraud." ECF No. 319 at 23-24.

[2] Cammarata also contends that the Court never ruled on his summary judgment motion, filed on December 12, 2022. ECF No. 183. As part of his response to the SEC's summary judgment motion, Cammarata filed a cross-motion for

IV.     CONCLUSION

For the foregoing reasons, Cammarata's Motion (ECF No. 353) is **DENIED**. An

appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

_____

**CHAD F. KENNEY, JUDGE**

---

partial summary judgment, which largely reiterated and referred back to his prior summary judgment motion. ECF No. 285. The Court denied that motion on July 28, 2023. ECF No. 294.