**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | : | **CIVIL ACTION** |
| v. | : | |
| **JOSEPH A. CAMMARATA, et al.,** *Defendants.* | : | **NO. 21-cv-4845** |

# MEMORANDUM

**KENNEY, J.** **September 9, 2026**

The Court writes for the benefit of the Parties and assumes familiarity with the facts of the case. Before the Court is Defendant Joseph A. Cammarata's *pro se* Motion for Relief from a Void Judgment and Void Orders Pursuant to Federal Rules of Civil Procedure 60(b)(4) and 12(h)(3). ECF No. 421. For the reasons set forth below, the Court will deny Defendant's Motion (ECF No. 421).

Defendant asks this Court to declare void and vacate the Temporary Restraining Order ("TRO") (ECF No. 4), the Orders extending the TRO (ECF Nos. 16, 17), the Stipulated Preliminary Injunction (ECF No. 66), and the Final Order and Judgment entered against him (ECF No. 320), pursuant to Federal Rules of Civil Procedure 60(b)(4) and 12(h)(3). ECF No. 421 at 1. Defendant argues that under Rule 60(b)(4), relief is warranted because he was denied notice and the opportunity to be heard regarding the Court's issuance of the TRO and Preliminary Injunction Orders. *Id.* at 2. However, as the SEC points out in its response to Defendant's Motion, the record reflects that Defendant "was served pursuant to Rule 4 on November 8, 2021 in person by the U.S. Marshals." ECF No. 423 at 23; ECF No. 10. And after counsel entered their appearance on behalf

of Defendant, he "stipulated to the extension of the TRO and stipulated to the entry of the Preliminary Injunction." ECF No. 423 at 24. At that time, Defendant raised no objections to the TRO and Preliminary Injunction Orders on the basis that his counsel did not inform him of the stipulated Preliminary Injunction Order and was not authorized to consent to it, as he now argues in the instant Motion. *Id.*; ECF No. 421 at 14–16.

Moreover, Defendant made no complaints to the Preliminary Injunction Order when it was "referenced in multiple, subsequent stipulated consent orders to release funds requested by [Defendant] or Nina Cammarata to preserve and/or asses[s] the value of frozen assets." ECF No. 423 at 24; *see* ECF Nos. 67, 70, 73, 74. Therefore, Defendant's argument that he was denied due process in relation to the Court's issuance of the TRO and Preliminary Injunction Orders is meritless. In any event, as Defendant recognizes, a direct appeal is currently pending before the Third Circuit in this case (No. 24-1381), and as such, the Court lacks authority to grant any motions brought pursuant to Federal Rule of Civil Procedure 60(b)(4). *Id.* at 19; Fed. R. Civ. P. 62.1(a). For the reasons stated, Defendant's Rule 60(b)(4) argument fails.

As for Defendant's Rule 12(h)(3) claim, the Court has previously held, in granting the SEC's summary judgment motion, that it has subject matter jurisdiction over this action because Section 10(b) of the Exchange Act and Rule 10b-5 apply to Defendant's actions, as "his misrepresentations were—at least in some instances—made in connection with the sale of securities." ECF No. 319 at 23. Thus, Defendant's Rule 12(h)(3) argument fails. Accordingly, Defendant's Motion for Relief from a Void Judgment and Void Orders Pursuant to Federal Rules of Civil Procedure 60(b)(4) and 12(h)(3) (ECF No. 421) is denied.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**