**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br>**v.**<br><br>**JOSEPH A. CAMMARATA, ERIK COHEN, DAVID H. PUNTURIERI, ALPHAPLUS PORTFOLIO RECOVERY CORP., AND ALPHA PLUS RECOVERY LLC,**<br><br>**Defendants.** | **Civil Action No. 21-cv-04845-CFK** |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S OPPOSITION TO DEFENDANT JOSEPH CAMMARATA'S MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO RULE 59(e)**

The Court should deny Defendant Joseph Cammarata's latest motion, styled as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Cammarata asserts that the Court's September 9, 2026 Memorandum (*See* ECF 425), and Order based thereon (*See* ECF 426), did not address a "series of specific, verifiable, and dispositive facts" that establish that there was "no valid service, no notice, no opportunity to be heard, no subject-matter jurisdiction, and no proper basis for the collateral estoppel on which liability was found." ECF 427 at 2, 3. But Cammarata's arguments are not new, and fail for the same reasons that this Court has previously rejected them.

The Court should deny Cammarata's motion as he has not identified a clear error of law or fact, nor any manifest injustice, in the Court's Memorandum and Order.

## I. Cammarata's Rule 59(e) Motion Is Time Barred

Rule 59(e) is intended to alter or amend judgments, and here, the judgment was issued on January 23, 2024. *See* ECF 352. If strictly construed as a Rule 59(e) motion, it is well out of time as it was not filed within 28 days. Fed. R. Civ. P. 59(e). However, even if Cammarata's Rule 59(e) motion is treated as a motion for reconsideration, *see, e.g., Arnold v. Wormuth*, No. 5:23-CV-00231-JMG, 2025 WL 4231019, at *1 (E.D. Pa. July 2, 2025); *Roach v. City of Phila.*, Civil Action No. 24-CV-2565, 2025 WL 1550213, at *1 (E.D. Pa. May 30, 2025), it fails for the reasons set forth below.[1]

## II. Cammarata Has Not—And Cannot—Meet The Standard For Reconsideration

Motions for reconsideration should be granted "sparingly" because "federal courts have a strong interest in the finality of judgments, …." *Francisco v. Dir. Gary Kline*, No. 5:25-CV-5775, 2026 WL 2595186, at *2 (E.D. Pa. Sept. 2, 2026) (citing *Cont'l Cas. Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). In the absence of "extraordinary circumstances" courts should be "loathe" to grant motions for reconsideration. *In re Merck Mumps Vaccine Antitrust Litig.*, No. 12-cv-3555 (CFK), 2023 WL 12205097 (E.D. Pa. Oct. 10, 2023). "Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration." *Dorman Prods., Inc. v. Cardello*, No. CV 25-4249, 2026 WL 2187688, at *1 (E.D. Pa. Jan. 13, 2026).

Further, motions for reconsideration are "not to be used to 'relitigate the case.'" *United States v. Credico*, No. 14-CR-0118-1 (CFK), 2026 WL 1992818, at *1 (E.D. Pa. July 9, 2026) (citing *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011)); see *also Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration that

[1] The Court's Memorandum and Order were filed on September 9, 2026 (see ECFs 425, 426), and Cammarata's motion was filed on September 14, 2026. ECF 427. Therefore, construed as a motion for reconsideration or reargument, it was timely filed. See Local Rule of Civil Procedure 7.1(g) (requiring motions for "reconsideration or reargument to be served and filed within fourteen (14) days after entry of the order concerned . . . . ").

raised the same arguments that were in appellant's complaint and motions).

Here, Cammarata has merely reiterated the same grievances that have been litigated repeatedly, dissatisfied that the Court has not ruled in his favor. The Court should deny the motion in its entirety.

**A. The Court's Rulings Were Correct**

First, as it has before in this case, the Court properly found that Cammarata was validly served. In denying Cammarata's Motion for Relief from a Void Judgment and Void Orders (*See* ECF 421), this Court noted that, consistent with the SEC's position, the record clearly reflected that Cammarata was personally served by the U.S. Marshals on November 8, 2021. ECF 425 at 1.[2]

Without submitting any proof, and in direct contradiction of the Return of Service that was filed on November 8, 2021 (*See* ECF 10), and which clearly indicated in three separate places that service was effected on November 8, 2021, Cammarata alleges "indicia of alteration" in the Return of Service. Cammarata concedes he was personally served, but claims that happened on November 9, 2021, not November 8, 2021. Cammarata also makes a passing reference to the "Marshals' own transport and custody records" that purport to place him on the cellblock only on November 9, 2021, but provides no supporting records or details. Cammarata argues that there is "no docket entry, no court appearance, and no custody record" placing him in the Marshal's cell block on November 8, 2021. But all of these arguments ignore the most critical and direct evidence that he was there, and properly served, on November 8, 2021: the Return of Service itself. ECF 10.

[2] We note also that this argument is waived. While represented by competent counsel, Cammarata did not challenge service. Indeed, he consented to extension of the Temporary Restraining Order and entry of the Preliminary Injunction.

Cammarata closes by alleging that the SEC's "Certificate of Service" contradicts the finding adopted by the Court because, "A party does not mail notice on November 9 to a person it claims already to have served in person on November 8." ECF 427 at 3. Cammarata confuses the act of service, and proof of same, which is memorialized on the first page of ECF 10, with the filing of that proof with the Court, which creates an obligation to serve a copy of the filing itself, as noted on the second page of ECF 10. The second page of that filing is merely noting that a copy of the filing itself "will go out" in the U.S. Mail on November 9, 2021. ECF 10 at 2.

Second, contrary to Cammarata's contention, the Court's ruling on his claims of lack of notice and due process and recognition of the pending appeal are not inconsistent. The Court correctly rejected Cammarata's claim that he was denied due process in relation to the Court's issuance of a Temporary Restraining Order and Preliminary Injunction Orders as meritless. Cammarata stipulated to both the TRO and Preliminary Injunction, and raised no objections at the time, including subsequent modifications to same that released funds from the asset freeze via stipulated order at either his request or Nina Cammarata's request, to, for example, maintain assets. ECF 425 at 2. As a result, the Court denied Cammarata's Motion for Relief from a Void Judgment and Void Orders (ECF 421). ECF 425 at 2. The Court also correctly noted that, in any event, due to the pending appeal, the Court could not grant any motions brought pursuant to Federal Rule of Civil Procedure 60(b)(4). ECF 425 at 2 (citing Fed. R. Civ. P. 62.1(a)).

The remaining grounds asserted by Cammarata have all previously been raised by him and repeatedly rejected by the Court. In re-urging his Rule 12(h)(3) claim, Cammarata conflates collateral estoppel and summary judgment. The Court's finding that Cammarata's misrepresentations were made in connection with the sale of securities was not premised on

collateral estoppel, but based on the facts and law, as set forth in the SEC's summary judgment motion, which, as the Court noted, was supported by nearly 900 pages of evidence, including several declarations cited by the Court in support of its holding that that there were no genuine issues of material fact. *See* ECF 319 at 1, 23; ECF 425 at 2; ECFs 260, 260-1 to 260-18. In contrast, Cammarata offered no evidence. ECF 319 at 1. Cammarata raises no valid basis to disturb the Court's prior ruling.

### B. No Clear Error Or Manifest Injustice Require Altering or Amending the Court's Order

There is no clear error or manifest injustice for the Court to correct. As courts have repeatedly held, "it is improper on a motion for reconsideration to ask a Court to re-think what it had already thought through – rightly or wrongly." *Murphy v. City of Phila. Dep't. of Recreation*, No. 07-CV-4104, 2011 WL 13377202, at *1 (E.D. Pa. Sept. 29, 2011) (citing *Zuno v. Wal-Mart Stores, Inc.*, No. 06-2392, 2009 WL 3837198, at *2, 2009 U.S. Dist. LEXIS 104629 at *5 (E.D. Pa. Nov. 6, 2009)). Here, Cammarata has repeatedly raised substantially the same contentions in numerous motions, each of which this Court has thoroughly considered and rejected. This motion is no different.

## CONCLUSION

For all the foregoing reasons, Cammarata's motion should be denied.

Respectfully submitted,

By s/John V. Donnelly III

John V. Donnelly III
Judson T. Mihok
U.S. Securities and Exchange Commission
Philadelphia Regional Office
1617 JFK Boulevard, Suite 520
Philadelphia, PA 19103

Telephone: (215) 597-3100
Facsimile: (215) 597-2740
Email: DonnellyJ@sec.gov

Counsel for Plaintiff

Dated: September 24, 2026