**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **JOSEPH A. CAMMARATA, et al.,** *Defendants.* | : | **No. 21-4845** |

# MEMORANDUM

**KENNEY, J.** **November 10, 2026**

Before the Court is Defendant Joseph Cammarata's *pro se* Motion to Alter or Amend Judgment (the "Defendant's Motion") (ECF No. 427), which the Court construes as a Motion for Reconsideration of the Court's previous decision denying Relief from a Void Judgment and Void Orders (ECF Nos. 425, 426). The Court writes for the benefit of the Parties and assumes their familiarity with the facts and background of this case. For the reasons described below, the Court will **DENY** Defendant's Motion (ECF No. 427).

## I. DISCUSSION

On September 9, 2026, the Court issued a Memorandum Opinion (the "September 9, 2026 Memorandum") and Order denying Defendant's Motion for Relief from a Void Judgment and Void Orders. ECF Nos. 425–26. Defendant had moved the Court (ECF No. 421) to declare void and vacate the Temporary Restraining Order (the "TRO") (ECF No. 4), the Orders extending the TRO (ECF Nos. 16, 17), the Preliminary Injunction (ECF No. 66), and the Final Order and Judgment entered against Defendant (ECF No. 320). The Court denied this Motion (ECF No. 421) finding the challenged Orders and Final Order and Judgement to be valid. ECF No. 426. On September 14, 2026, Defendant filed a Motion for Reconsideration, in which he raises a few

arguments, all of which have been adjudicated *ad nauseum* by the Court. ECF No. 427.

First, Defendant argues that he was never properly served because the Court and Plaintiff state that he was served on November 8, 2021 when, instead, he was "served in the United States Marshals Service cellblock at 10:50 a.m., but on November 9, 2021, not November 8." *Id.* at 2. Second, Defendant argues that the TRO previously entered by the Court was invalid because "two federal proceedings went forward at the same time," so that he could not attend the hearing in the Eastern District of Pennsylvania. *Id.* at 4. Third, Defendant argues that the TRO and the related Preliminary Injunction are void and invalid because the Orders "were entered without notice and without an opportunity to be heard." *Id.* at 5. Fourth, Defendant argues that the TRO and related Preliminary Injunction are void and invalid because "the Defendant did not personally consent to anything, and the attorney the Commission relies upon was not authorized to give the consent attributed to him." *Id.* at 6. Fifth, Defendant argues that the Court's judgment erroneously "rested on collateral estopped." *Id.* at 7. Sixth, Defendant argues that the Court's Memorandum (ECF No. 425) disregarded his argument regarding lack of subject matter jurisdiction. *Id.* at 9. Seventh, Defendant argues that the Court's Memorandum (ECF No. 425) disregarded various miscellaneous arguments that he had made, including that the Court's Preliminary Injunction was not specific, that *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008) forecloses Plaintiff's theory of liability, that his right to a jury trial was denied, and that the Third Circuit improperly heard his appeal due to a conflict of interest. *Id.* at 10–11. Eighth and lastly, Defendant argues that the Court erroneously found that it lacked authority to grant relief under Federal Rule of Civil Procedure ("Rule") 62.1(a) given Defendant's pending appeal. *Id.* at 12.

Defendant has litigated all of these issues extensively before this Court, both in this action, and the related criminal action, *United States v. Cammarata*, No. CR 21-427-1 (E.D. Pa. 2021).

In the present Motion, Defendant attempts to re-litigate his meritless arguments posed as a Motion for Reconsideration, filed pursuant to Rule 59(e).

"The scope of a motion for reconsideration" under Rule 59(e) "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Indeed, reconsideration must be precipitated by *extraordinary* error. *See Fritz v. Cnty. of Westmoreland*, No. CV 22-2999, 2024 WL 808970, at *4 (3d Cir. Feb. 27, 2024) ("While '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance . . . as a rule courts should be loath[ ] to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" (alterations in original) (quoting *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009))), *cert. denied sub nom.*, *Fritz v. Westmoreland Cnty.*, 145 S. Ct. 279 (2024). This is because the prospect of reconsidering a previous order affronts the judiciary's desire for both finality and conservation of its already scarce resources. *See, e.g.*, *United States v. Cephalon, Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016) ("Motions for reconsideration are granted only 'sparingly because of the interests in finality and conservation of scarce judicial resources.'" (quoting *Pa. Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992))).

Litigants may not use reconsideration motions "as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Blystone*, 664 F.3d at 415 (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)); *see also Trinh v. Trinh*, No. CV 21-3595, 2024 WL 290293, at *2 (E.D. Pa. Jan. 25, 2024) (finding that reconsideration is not a means "to allow a 'second bite at the apple'" (citation omitted)). Accordingly, litigants seeking reconsideration must meet an exacting standard. *See Blystone*, 664 F.3d at 415; *see also Trinh*,

2024 WL 290293, at *2. Reconsideration of a prior order is justified only where there has been "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

Upon review, Defendants' arguments all fail to meet this exacting standard. *See Blystone*, 664 F.3d at 415. In arguing for Reconsideration, Defendant does not outline or cite to "an intervening change in controlling law[,]" nor does he point to "the availability of new evidence" to support his arguments. *Lazaridis*, 591 F.3d at 669; *see also* ECF No. 427 at 2–3. The Court, therefore, examines whether there is a "need to correct clear error of law or prevent manifest injustice." *Lazaridis*, 591 F.3d at 669. After examining Defendant's numerous arguments, the Court finds no clear error of law or manifest injustice. *Id.* Instead, as the Government correctly points out, Defendant "has repeatedly raised substantially the same contentions in numerous motions, each of which this Court has thoroughly considered and rejected." ECF No. 430 at 5. None of Defendant's arguments reach the "extremely limited" scope of a motion for reconsideration. *Blystone*, 664 F.3d at 415.

## II. CONCLUSION

For the reasons set forth above, the Court will **DENY** Defendant's Motion for Reconsideration (ECF No. 427). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**